GLENN H. LAWRENCE, JR.

VERSUS

STATE OF LOUISIANA

NO. 22-KH-568

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

January 04, 2023

Linda Wiseman
First Deputy Clerk

## ON APPLICATION FOR REHEARING

Panel composed of Susan M. Chehardy,
Fredericka Homberg Wicker, and Robert A. Chaisson

## <u>REHEARING DENIED WITH REASONS</u>

**SMC**
**FHW**
**RAC**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

**CHEHARDY, C.J.**

Relator, Glenn H. Lawrence, Jr., seeks reconsideration of this Court's

December 9, 2022 denial of his writ application number 22-KH-568.

Uniform Rules-Courts of Appeal, Rule (URCA) 2-18.7 provides as follows:

**2-18.7. When Rehearing Will Be Considered**
An application for rehearing will be considered in cases where the court has:

(A) Granted a writ application on the merits;

(B) Dismissed an appeal; or

(C) Ruled on the merits of an appeal.

URCA Rule 4-9 provides that "Rules 2-18.1 through 2-18.7 apply to

requests for rehearings related to writ applications."

Because relator's writ application was denied, he is not entitled to a

rehearing. Accordingly, relator's application for rehearing is denied.

In the interest of justice, we have reviewed the merits of relator's filing, and

despite the procedural deficiencies in his original filing, and the fact that the

"supplementation" was untimely, we find no merit to relator's claim of ineffective

assistance of counsel. Specifically, relator claimed that his counsel was ineffective

for failing to object to the State proceeding on a charge against him—possession

with intent to distribute MDMA (Ectasy)—well beyond the prescriptive period,

and for failure to file a motion to quash. Relator argues that he was incarcerated on

a parole violation, and was released on July 11, 2009, at which time he presumed

the charges against him had been dismissed, as he had been incarcerated and was

released without notice of status or disposition of the case, or any pending

warrants, detainer, or court date.

In response, the State maintained that, pursuant to La. C.Cr.P. art.

578, the period of limitation was interrupted when relator failed to appear in court

for trial on August 3, 2019, at which time the court issued an attachment for

relator, as evidenced in the district court record.

La. C.Cr.P. art. 578 provides, in pertinent part:

A. Except as otherwise provided in this Chapter, no trial shall be commenced nor any bail obligation be enforceable:

*** 

(3) In misdemeanor cases after one year from the date of institution of the prosecution.

Additionally, La. C.Cr.P. art. 579 provides, in pertinent part:

A. The period of limitation established by Article 578 shall be interrupted if:

(1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or

*** 

(3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.

*** 

B. The periods of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exits.

C. If the defendant fails to appear in court pursuant to any provision of this Article and the defendant is subsequently arrested, the periods of limitations established by Article 578 of this Code shall not commence to run anew until the defendants appears in person in open court where the case on the original charge is pending …

The record shows that on July 6, 2009, relator received actual notice from the trial judge in open court of the date to respond to the subject charges and he failed to appear, leading to his eventual arrest from an outstanding attachment. When a defendant voluntarily absents himself from an ongoing proceeding of which he received actual notice, prescription on that charge is interrupted and does not continue to run to the detriment of the State. Thus, as the district court noted, had relator's counsel filed a motion to quash on the basis that the charge against relator had prescribed, the motion would have been denied. Accordingly, relator's ineffective assistance of counsel claim lacks merit.

Relator's request for rehearing is hereby denied.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **01/04/2023** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**22-KH-568**

### E-NOTIFIED
24th Judicial District Court (Clerk)
Honorable Donald A. Rowan, Jr. (DISTRICT JUDGE)
Thomas J. Butler (Respondent)

### MAILED
Glenn H. Lawrence, Jr. #364876 (Relator)
Dixon Correctional Institute
Ivy Miller, Classification Department
P. O Box 788
Jackson, LA 70748